IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY E. RECTOR, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00807-JPG |
| | ) |
| DOUGLAS CLARK, | ) |
| and MARSHA LILY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Stanley Rector, Jr., a detainee at Jackson County Jail, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Perry County Jail ("Jail") in 2019. In the Complaint, Plaintiff claims that Major Clark and Lieutenant Lily forced him to sleep on the floor next to a toilet and denied him medical care when he became ill. (Doc. 1, pp. 1-10). He seeks monetary relief against the defendants. (*Id.* at p. 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in his Complaint: During Plaintiff's detention at the Jail in May and June 2019, Major Clark and Lieutenant Lily subjected him to inhumane

1

conditions of confinement. (Doc. 1, pp. 8-10). At various times, they forced him to sleep on the floor near the toilet and denied his requests for a sleeping "boat." (*Id*. at p. 10). Plaintiff became sick. (*Id*. at pp. 8-9). During a two-day period in May, he had eighteen bowel movements and did not urinate. When he reported these symptoms to staff, Major Clark and Lieutenant Lily had Officer Ben "play doctor" by filling out paperwork with Plaintiff. An hour later, Officer Alise brought Plaintiff five pills pursuant to the Jail doctor's[1] phone orders. Plaintiff refused to take them because Officer Alise was not a medical professional, could not identify the pills, did not know the side effects, and would not produce the pill bottle. Plaintiff's family ultimately intervened on his behalf and demanded medical care. He was transported to Pinckneyville Hospital, where he was treated in the urgent care unit for food poisoning, malnutrition, and dehydration. (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

> **Count 1:** Defendants subjected Plaintiff to unconstitutional conditions of confinement by forcing him to sleep on the floor near the toilet and denying him a "boat" at the Jail and May/June 2019.
>
> **Count 2:** Defendants denied Plaintiff adequate medical care at the Jail for food poisoning and related symptoms in May 2019.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

---

[1] Plaintiff mentions the names of several individuals who are not defendants in this action, including Officer Ben, Officer Alise, and Dr. Lockhart, among others. All claims against these individuals should be considered dismissed without prejudice from this action. *See* FED. R. CIV. P. 10(a) (title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption").

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

2

The Fourteenth Amendment governs claims of unconstitutional living conditions and inadequate medical care brought by pretrial detainees, and the Eighth Amendment governs the same claims of convicted persons. *See Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019); *Miranda v. Cty. Of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *McCann v. Ogle Cty., Ill.*, 909 F.3d 881 (7th Cir. 2018) (defining current and evolving standards applicable to these claims). At this stage, it is unclear whether Plaintiff was a pretrial detainee or convicted prisoner when his claims arose. However, the applicable legal standard can be determined as this case proceeds. Counts 1 and 2 survive preliminary review under both standards, based on Plaintiff's allegations of prolonged exposure to unsanitary conditions and inadequate medical treatment at the direction or consent of the defendants. Counts 1 and 2 shall receive further review.

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court should consider when presented with a request for counsel). Plaintiff describes his mother's telephone contacts with attorneys, but he offers few details about the number of contacts, the names of the attorneys, the dates of contact, and their exact responses to her request for representation of Plaintiff. (Doc. 3, p. 1). Plaintiff has not yet demonstrated reasonable efforts to locate counsel. Moreover, Plaintiff appears competent to represent himself in this matter. He prepared a Complaint that survives screening. He demonstrates knowledge of key events, defendants, and witnesses. Other than his limited education, Plaintiff identifies no other impediments to *pro se* litigation, such as language, education, medical, or mental health barriers. The Court declines to recruit counsel at this time.

### Disposition

**IT IS ORDERED** that the Complaint, including **COUNTS 1** and **2**, survives screening under Section 1915A and will proceed against Defendants **CLARK** and **LILY**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **CLARK** and **LILY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/7/2019**

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **United States District Judge**

## Notice

**The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.**