IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY E. RECTOR, Jr.,<br><br>    **Plaintiff,**<br><br>vs.<br><br>DOUGLAS CLARK<br>and MARSHA LILY,<br><br>    **Defendants.** | Case No. 19-cv-00807-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

   This matter is before the Court on Defendants Douglas Clark and Marsha Lilly's[1] Motion for Summary Judgment filed April 1, 2021.  (Doc. 36).  Rector did not file a response in opposition to the motion.  After several extensions of the response deadline, he filed excerpts from his medical records.  (*See* Doc. 43).  Under the circumstances presented, the motion shall be **GRANTED** and this case **DISMISSED**.

**BACKGROUND**

   Plaintiff Stanley Rector filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 on July 25, 2019.  (Doc. 1).  In the Complaint, Rector alleged violations of his constitutional rights at Perry County Jail ("Jail") in 2019, when Major Douglas Clark and Lieutenant Marsha Lilly allegedly required him to sleep on the floor next to a toilet without a "boat" and then denied him medical care when he became ill.  (*Id*. at pp. 1-10).

---

[1] Defendant Marsha Lilly indicated that her last name is misspelled in the Complaint as "Marsha Lily," when it is actually "Marsha Lilly."  (Doc. 37, p. 1 at n.1).  The Clerk's Office shall be **DIRECTED** to **SUBSTITUTE** "MARSHA LILLY" in place of "MARSHA LILY" as the defendant in CM/ECF.  The Court will refer to this defendant as "Marsha Lilly" going forward.

1

More specifically, Rector alleged that for two months in 2019, Clark and Lilly subjected him to inhumane conditions of confinement during his pretrial detention at the Jail. (Doc. 1, pp. 8-10). They periodically forced him to sleep on the floor near the toilet and denied his requests for a sleeping boat. (*Id*.). Rector became ill. (*Id*. at pp. 8-9). During a two-day period, he suffered from eighteen bowel movements and did not urinate. When he reported these symptoms to staff, Clark and Lilly had an officer complete paperwork. An hour later, another officer brought him five pills. Rector refused to take the medication because the officer was not a medical professional, could not identify the pills, did not know the side effects, and would not produce the pill bottle. When Rector's family intervened and demanded medical care, he was taken to Pinckneyville Community Hospital and treated in the urgent care unit for food poisoning, malnutrition, and dehydration. (*Id*.).

Following screening of this matter under 28 U.S.C. § 1915A, Rector was allowed to proceed with two Fourteenth Amendment due process claims against both defendants, including a claim for unconstitutional conditions of confinement (Count 1) and a claim for the denial of medical care (Count 2). (Doc. 11).

## MOTION FOR SUMMARY JUDGMENT

Defendants Clark and Lilly moved for summary judgment on the merits of both claims. (Docs. 36 and 37). They assert that neither one participated in the events giving rise to this action or any deprivation of Rector's rights under the Fourteenth Amendment Due Process Clause. They also point out that staff otherwise acted in an objectively reasonable manner in connection with the conditions described in the Complaint. In addition, qualified immunity shields both defendants from liability for the claims at issue. (*Id*.).

With regard to Count 1, Defendants offer the following uncontroverted facts: Perry County Jail has, on occasion, experienced overcrowding that has resulted in the assignment of more inmates to a cellblock than there are available beds. (Doc. 37, ¶¶ 26-27). When this occurs, inmates are offered mattresses and boats for use in sleeping on the floor. (*Id*. at ¶ 28). There is no shortage of boats. (*Id*.). They are available upon request, but inmates often choose to use a mattress without a boat because the boats are large and unwieldy. (*Id*. at ¶¶ 28-32).

From April 10-29, 2019, Rector slept on a mattress on the floor of his cell. (*Id*. at ¶ 39). Neither defendant was aware that Rector wanted or was denied a boat for use with his mattress. (*Id*. at ¶¶ 33-36). They are also aware of no serious risk of harm to an inmate's health or safety from use of a mattress and/or a boat in this manner. (*Id*.). If the cell is dirty, it is the inmates' responsibility to clean their own cell, and the Jail offers cleaning supplies for this purpose. (*Id*. at ¶¶ 37-38). At his deposition, Rector admitted that he had no idea who he contacted with his request for a boat. (*Id*. at ¶ 40) (citing Ex. 1, Rector Depo. at 29, 33). He simply pressed the intercom button on an unknown date and asked for one. (*Id*. at ¶¶ 40-41).

With regard to Count 2, Defendants assert that Perry County contracts with a part-time nurse, who works at the Jail several days each week, and a part-time physician, who works at the Jail one day each week and is on call as needed. (*Id*. at ¶ 5). When Rector reported symptoms of diarrhea on April 24, 2019, two officers took his sick call request(s) and interviewed him about his illness the same day. (*Id*. at ¶¶ 15-24). One relayed this information to the Jail's on-call physician, who then ordered medication for him. When the officer offered Rector the medication, he refused to take it. One day later on April 25, 2019, Rector was instead taken to a local hospital and treated in the urgent care unit. He reported no further symptoms after receiving this treatment. (*Id*.).

Based on these facts, Defendants seek summary judgment in their favor for lack of personal involvement in any Fourteenth Amendment violation stemming from the denial of a boat for two months or the denial of medical care for Rector's illness on April 24-25, 2019.

### PLAINTIFF'S RESPONSE

In lieu of a response to the pending motion for summary judgment, Rector filed medical record excerpts—but only after several extensions of time to do so. (*See* Doc. 44).

The original response deadline was May 6, 2021. (Doc. 38). When Rector missed it, the Court entered an order to show cause why the Court should not construe his failure to timely respond as an admission of the merits of the motion and grant the same. (Doc 39) (citing SDIL-LR 7.1(c)). The deadline for responding to the show cause order was June 7, 2021. (*Id.*). On May 21, 2021, Rector responded with a letter stating that he served opposing counsel with his response. (Doc. 40). The Court directed him to file it with the Court by the extended deadline of June 21, 2021. (Doc. 41). On June 4, 2021, Rector filed another response. (Doc. 42). There, he simply stated, "I need to file a motion to deny summary judgment in Case No. 3:19-cv-807-JPG." (*Id.*). This prompted the Court to enter the following order:

> . . . Plaintiff is correct. He remains obligated to file a response brief in opposition to the pending summary judgment motion on or before JUNE 21, 2021. He is WARNED that failure to do so shall be construed as his admission of the merits of Defendants' Motion for Summary Judgment.

(Doc. 43).

Prior to this extended deadline, Rector filed a copy of this Order along with medical record excerpts from his visit to Pinckneyville Community Hospital on April 25, 2019. (*See* Doc. 44). Rector offered no explanation or context for these records, and he has not communicated with the Court since filing them.

**LEGAL STANDARD**

Summary judgment is appropriate only if the moving party can show "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celetex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the burden of establishing that no material facts are genuinely disputed. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Id*.

When presented with a motion for summary judgment, the Court does not decide the truth of the matters presented, and it cannot "choose between competing inferences or balance the relative weight of conflicting evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hansen v. Fincantieri Marine Grp., LLC,* 763 F.3d 832, 836 (7th Cir. 2014) (citations omitted); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir 1994). Once a properly supported motion for summary judgment is filed, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. The Court must then "view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Hansen*, 763 F.3d at 836. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party[,]" then a genuine dispute of material fact exists. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016).

**DISCUSSION**

The Fourteenth Amendment Due Process Clause governs a pretrial detainee's claims of unconstitutional conditions of confinement and the denial of medical care. *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018); *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). For both claims, a plaintiff must describe a sufficiently serious

5

deprivation. The Court must then "ask whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case" and also ask "whether the challenged conduct was objectively reasonable" when considering the totality of circumstances faced by the defendant. *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). Negligence and even gross negligence are insufficient to support a claim in this context. *Miranda*, 900 F.3d at 351.

For their part, Defendants have filed a motion for summary judgement containing undisputed facts that are supported by evidence, in the form of deposition testimony, affidavits, and the like. The undisputed facts show no personal involvement in a deprivation of Rector's rights under the Fourteenth Amendment Due Process Clause. By all indications, neither defendant played a role in a decision to deny Rector a boat for use with his mattress from April 10-29, 2019, or any decision regarding his medical care on April 24-25, 2019. Rector's exposure to these conditions was unrelated to the actions of Clark or Lilly.

Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Liability is direct and not vicarious under Section 1983. *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). This means that a plaintiff must demonstrate that each defendant caused or participated in a deprivation of his constitutional rights. *Id.* Only someone who is personally responsible for a constitutional violation can be held liable. *Wojcik v. Cook Cnty.*, 803 F. App'x 25, 27 (7th Cir. 2020) (citing *Wilson v. Warren Cnty., Ill.*, 830 F.3d 464, 469 (7th Cir. 2016)). If accepted as true, Defendants' statement of facts support no claim against Clark or Lilly.

For his part, Rector offers no evidence, affidavits, or documents from the record to contradict the defendants. He filed excerpts of his medical records from his visit to Pinckneyville

6

Community Hospital on April 25, 2019. (Doc. 44). These documents include emergency department records, a radiology report, and lab results from Pinckneyville Community Hospital dated April 25, 2019. (*Id.*). Rector's chief complaint is listed as "hypertension." (*Id.* at 8).

A motion for summary judgment and response made in opposition to summary judgment must be supported by more than allegations in the Complaint or excerpted medical records. *See* FED. R. CIV. P. 56(c)(1)-(4). It must be supported by evidence, including affidavits based on personal knowledge, documents in the record, and information produced during discovery. *Id.* If a party fails to properly support an assertion of fact or fails to properly address another party's assertion as required by Rule 56(c), the Court may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." *See* FED. R. CIV. P. 56(e)(3).

Defendants are entitled to summary judgment. Rector's medical records are unresponsive to the pending motion, and Defendants' proposed findings of fact are uncontroverted. (*See* Doc. 37, ¶¶ 1-41); SDIL-LR 7.1(c); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (failure to respond constitutes an admission that there are no disputed material facts). The undisputed facts show that the defendants lacked personal involvement in a constitutional deprivation arising from the conditions of Rector's confinement at the Jail for two months in 2019 and the denial of his medical care for an illness on April 24-25, 2019. Accordingly, the motion shall be granted and this action dismissed with prejudice.

**Disposition**

The Clerk's Office is **DIRECTED** to **SUBSTITUTE** Defendant **MARSHA LILLY** in place of Marsha Lily in CM/ECF.

For the reasons set forth herein, Defendants Douglas Clark and Marsha Lilly's Motion for Summary Judgment (Doc. 36) is **GRANTED**. **COUNTS 1** and **2** against Defendants **DOUGLAS CLARK** and **MARSHA LILLY** are **DISMISSED** with prejudice.

If Rector wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Rector plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Rector does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Rector may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 12/13/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**